## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-18-007-SS** |
| | § | |
| **REGINALD DESEAN LOVE** | § | |
| **aka Tru** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for

the Southern District of Texas, and Carrie Wirsing, Assistant United States Attorney, and the

defendant, Reginald Desean Love aka Tru ("Defendant"), and Defendant's counsel, Windi

Pastorini, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state

that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Count Three of the Second Superseding Indictment.

Count Three charges Defendant with the **Sexual Exploitation of Children – Production of Child**

**Pornography**, in violation of Title 18, United States Code, Section 2251(a) & (e).   Defendant, by

entering this plea, agrees that he is waiving any right to have the facts that the law makes essential

to the punishment either charged in the indictment, or proved to a jury or proven beyond a

reasonable doubt.

### Punishment Range

2.   The **statutory** maximum penalty for a violation of Title 18, United States Code,

Section 2251(a) and (e), is imprisonment for not less than 25 years nor more than 50 years, based

on a prior conviction for an offense set forth in Title 18, United States Code, Section 2251(e), and

a fine of not more than $250,000.00.   Additionally, Defendant may receive a term of supervised

release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Notification of the Sex Offender Registration and Notification Act

3.     Defendant understands that under the Sex Offender Registration and Notification Act, the Defendant must register and keep such information current in the jurisdictions where the Defendant resides, is employed, and is a student. The Defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the Defendant's name, residence, employment or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

### Mandatory Special Assessment

4.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

5.   Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

6.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreements

7.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Count Three of the second superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the second superseding indictment at the time of sentencing; and

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

3

**Agreement Binding - Southern District of Texas Only**

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

    (e)    to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless

acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

11.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

>   (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

>   (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

>   (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

12.   Defendant is pleading guilty because he is in fact guilty of the charge contained in Count Three of the Second Superseding Indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish the Defendant's guilt:

Following an outcry by A.R., a minor female (DOB 06/30/2002), Defendant REGINALD DESEAN LOVE (DOB 11/07/1974) was arrested on September 18, 2017, at a Motel 6 located at 9911 Buffalo Speedway in Houston, Texas, by Department of Public Safety (DPS) officers. While executing a search warrant on two Motel 6 rooms identified by A.R., an additional minor female, J.K. (DOB 01/10/2002), was found in the act of performing oral sex on an adult male (sex buyer).

During the investigation of this case, A.R. provided officers with a Coolpad Model 3632A smartphone, IMEI: 862429033322411, on September 17, 2017.   The Coolpad Model 3632A smartphone, IMEI: 862429033322411 was delivered to the Greater Houston Regional Computer Forensics Laboratory on October 18, 2017.   An extraction of the Coolpad Model 3632A smartphone, IMEI: 862429033322411was done on October 30, 2017.   A forensic review of the Coolpad phone was conducted at the Greater Houston Regional Computer Forensics Laboratory. The Coolpad phone contained a 14-second video file named "775107c1.clean", which shows minor female J.K. performing oral sex on LOVE.   LOVE recorded the video between September 6, 2017 and September 13, 2017, when J.K., then a minor child, was with LOVE.   On January 14, 2020, DPS Special Agent Randy Kaiser showed video file "775107c1.clean" to LOVE, who identified J.K. as the minor female who was engaged in the act of performing oral sex in the video.

6

The video file named "775107c1.clean depicted child pornography as defined by Title 18, United States Code, Section 2256.

It was determined that the Coolpad phone was manufactured in China, outside of the state of Texas. Consequently, the phone at issue which was used to produce, receive and possess the child pornography traveled in foreign or interstate commerce.

Defendant Reginald LOVE was previously convicted on December 1, 2010, in the 176th District Court, Harris County, Texas, of felony indecency with a child aged 14 at the time of the offense (Cause Number 1196449).

**Breach of Plea Agreement**

13.  If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

14.  This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of

7

property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.    Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.    Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16.    Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.    Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

17.    Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18.    Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.    Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.    Defendant understands and agrees that the Court will determine the

8

amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

## Forfeiture

19.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

20.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

## Fines

22.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

## Complete Agreement

23.   This written plea agreement, consisting of 11 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the

United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

24.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____, 2020.

_____
Reginald Desean Love, Defendant

Subscribed and sworn to before me on _____, 2020.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

APPROVED:
    Ryan K. Patrick
    United States Attorney

By: _____
    Carrie Wirsing
    Assistant United States Attorney
    Southern District of Texas

_____
    Windi Pastorini
    Attorney for Defendant

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-18-007-SS** |
| | § | |
| **REGINALD DESEAN LOVE** | § | |
| **aka Tru** | § | |
| | § | **PLEA AGREEMENT -- ADDENDUM** |

I have fully explained to Defendant his/her rights with respect to the pending second superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        1/28/20
Attorney for Defendant             Date

I have consulted with my attorney and fully understand all my rights with respect to the second superseding indictment pending against me.  My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_____        1·28·20
Defendant                        Date

11