Case 4:18-cr-00007   Document 134   Filed on 04/27/23 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff-Respondent, | § | |
| | § | CRIMINAL NUMBER H-18-007 |
| v. | § | (CIVIL ACTION NO. H-23-0033) |
| | § | |
| REGINALD DE'SEAN LOVE, | § | |
| | § | |
|     Defendant-Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Reginald De'Sean Love ("Petitioner") pleaded guilty to sexual exploitation of children — production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e).[1] The court sentenced Petitioner to 300 months in custody.[2] Petitioner has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 116). He alleges that his lawyers, Windi Pastorini and Christina Hoang ("Defense Counsel"), were ineffective, that his due process rights were violated, and that Defense Counsel conspired with the government to coerce his guilty

---

[1]Plea Agreement, Docket Entry No. 81, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Judgment in a Criminal Case, Docket Entry No. 96, p. 2.

plea.³  He asks the court to "discharge[] [him] from his unconstitutional confinement and restraint."⁴  For the reasons explained below, Petitioner's § 2255 Motion will be denied.

## I. Background

### A. Petitioner's Plea Agreement

Petitioner first appeared for rearraignment on November 7, 2019.⁵  Defense Counsel stated that the Petitioner had expressed a willingness to "get through with it" and accept a plea agreement even though Petitioner had qualms about parts of the factual basis.⁶  Defense Counsel asked the court to postpone rearraignment to give Petitioner more time to consider the plea agreement and "make a rational decision," and the court agreed.⁷

The court held a second rearraignment on December 5, 2019.⁸  The parties resolved a dispute as to part of the factual basis.⁹  A discovery dispute arose, however, and Defense Counsel ultimately requested that the court postpone the rearraignment so that they could go over some documents with Petitioner, and the court

---

³Petitioner's § 2255 Motion, Docket Entry No. 116, pp. 6-8.

⁴Id. at 10.

⁵Hearing on Re-Arraignment Before the Honorable Sim Lake, Docket Entry No. 125, p. 1.

⁶Id. at 2 lines 20-25; 3 lines 1-7.

⁷Id.

⁸Transcript of Proceedings Before the Honorable Sim Lake, Docket Entry No. 128, p. 1.

⁹Id. at 5-8.

agreed.[10]

Petitioner appeared for a third rearraignment on January 28, 2020, and entered a guilty plea.[11] The court went through a thorough plea colloquy. Petitioner confirmed that he had spoken to Defense Counsel more than 20 times about his case.[12] He confirmed that Defense Counsel had discussed the charge against him and what the government would have to prove to establish his guilt.[13] He confirmed that Defense Counsel had reviewed with him the government's evidence.[14] He confirmed that Defense Counsel discussed with him how the Federal Advisory Sentencing Guidelines might apply in his case.[15] He confirmed that he had read the Plea Agreement and discussed it with Defense Counsel.[16] He confirmed that Defense Counsel had answered all of his questions.[17] He confirmed that Defense Counsel had done everything he asked them to

---

[10] Id. at 15 lines 15-25; 16 lines 1-9.

[11] Transcript of Proceedings Before the Honorable Sim Lake Rearraignment ("Guilty Plea Hearing"), Docket Entry No. 127, p. 3 lines 12-20.

[12] Id. at 6 lines 18-22.

[13] Id. lines 23-25; at 7 line 1.

[14] Id. at 7 lines 2-5.

[15] Id. lines 6-8.

[16] Id. at 10 lines 1-15.

[17] Id. line 25; at 11 lines 1-2.

do.[18]  He confirmed that he was fully satisfied with their advice and counsel.[19]  And he confirmed that nobody had threatened him or forced him to plead guilty.[20]

The plea agreement included a factual basis:

> Following an outcry by A.R., a minor female (DOB 06/30/2002), [Petitioner] was arrested on September 18, 2017, at a Motel 6 located at 9911 Buffalo Speedway . . . While executing a search warrant on two Motel 6 rooms identified by A.R., an additional minor female, J.K. (DOB 01/10/2002), was found in the act of performing oral sex on an adult male (sex buyer).
>
> During the investigation of this case, A.R. provided officers with a [cell phone] . . . The [cell] phone contained a 14-second video file named "775107cl.clean", which shows minor female J.K. performing oral sex on [Petitioner]. [Petitioner] recorded the video between September 6, 2017 and September 13, 2017, when J.K., then a minor child, was with [Petitioner].  On January 14, 2020, DPS Special Agent Randy Kaiser showed video file "775107cl.clean" to [Petitioner], who identified J.K. as the minor female who was engaged in the act of performing oral sex in the video. . . .
>
> [Petitioner] was previously convicted on December 1, 2010, in the 176th District Court, Harris County, Texas, of felony indecency with a child aged 14 at the time of the offense (Cause Number 1196449).[21]

Petitioner confirmed that he had carefully read the factual

---

[18] Id. at 7 lines 12-14.

[19] Id. lines 15-17.

[20] Id. at 12 lines 3-5.

[21] Plea Agreement, Docket Entry No. 81, pp. 6-7 ¶ 12.

basis.[22] Petitioner confirmed that all the facts were correct, except he noted that his prior conviction occurred in 2009, not 2010.[23] He confirmed that he did everything described in the factual basis.[24] Petitioner confirmed that he had sex with minor J.K. and that he asked her to do so.[25]

**B.  Petitioner's Sentencing**

Defense Counsel filed objections to the Presentence Investigation Report ("PSR").[26] The court ruled on these objections at Petitioner's sentencing.[27] The PSR included several references to offense conduct by Petitioner with minor A.R., and Defense Counsel objected to each one.[28] The court sustained those objections, noting that "[t]he defendant pled guilty only to conduct specified with respect to victim JK."[29] In addition to the video that Petitioner admitted to filming in the Plea Agreement, the PSR stated that Petitioner filmed another pornographic video at

---

[22]Guilty Plea Hearing, Docket Entry No. 127, p. 15 lines 15-17.

[23]Id. lines 18-25, 16 lines 1-4.

[24]Id. at 16 lines 5-7.

[25]Id. lines 18-20, 17 lines 11-12.

[26]PSR, Docket Entry No. 88; Defendant's Objections to the Presentence Report ("Defendant's PSR Objections"), Docket Entry No. 87.

[27]Sentencing Hearing Official Reporter's Transcript of Proceedings ("Sentencing Hearing"), Docket Entry No. 104.

[28]PSR, Docket Entry No. 88, p. 3 ¶ 5, p. 4 ¶ 11, p. 9 ¶¶ 35-41; Defendant's PSR Objections, Docket Entry No. 87, pp. 3-5.

[29]Sentencing Hearing, Docket Entry No. 104, p. 3 lines 1-6.

a Red Roof Inn involving multiple females, including minor A.R.[30] Defense Counsel objected:

> Love does now, and has always, adamantly denied being involved with the video discussed in this paragraph. In fact, for two years the government exerted maximum effort via threat/promises to have Love plea[d] guilty to a factual basis which stated Love was involved with this video. For two years, Love adamantly refused to accept the initial plea offers because they were all [in]volving the video in question in this paragraph. The government finally gave up on pressuring Love to accept their allegation that Love was involved with that video . . . Love objects to the inclusion and/or any consideration of facts regarding AR being attributed to him.[31]

The court sustained this objection, finding that the PSR paragraph was not supported by the credible evidence.[32] The court also sustained Defense Counsel's objection to the PSR's recommendation that Petitioner should not receive an offense level reduction for acceptance of responsibility.[33]

The court determined that Petitioner's offense level was 33, and his advisory guidelines range would have been 210 to 262 months in custody.[34] However, the statutory minimum sentence was 300

---

[30] PSR, Docket Entry No. 88, p. 5 ¶ 18.

[31] Defendant's PSR Objections, Docket Entry No. 87, pp. 4-5.

[32] Sentencing Hearing, Docket Entry No. 104, p. 3 lines 6-9.

[33] Id. lines 11-12.

[34] Id. at 4 lines 10-14 and 22-23.

months.[35]  Finding that there was no basis for a departure under Guidelines §§ 5K2.0 or 5H1.3 or under 18 U.S.C. § 3553(a), the court imposed a sentence of 300 months.[36]

## C.  Petitioner's § 2255 Motion

Petitioner filed his § 2255 Motion on January 5, 2023, the Government responded, and Petitioner replied.[37]  Petitioner states three grounds for relief.  First, Petitioner argues that Defense Counsel were constitutionally ineffective, arguing that they failed to conduct any meaningful investigation.[38]  Second, Petitioner argues that there was a "failure to follow due process of law/prosecutor misconduct."[39]  Third, Petitioner argues that there was "collusion/structural error," which he explains as a claim that Defense Counsel and the Government coerced his guilty plea.[40]

## II.  Legal Standard

## A.  Title 28 U.S.C. § 2255

---

[35] Id. lines 23-24.

[36] Id. at 10 lines 13-25.

[37] Petitioner's § 2255 Motion, Docket Entry No. 116; United States' Memorandum in Opposition to Love's 28 U.S.C. § 2255 Motion ("Government's Response"), Docket Entry No. 132; Reply to United States' Answer to Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Petitioner's Reply"), Docket Entry No. 133.

[38] Petitioner's § 2255 Motion, Docket Entry No. 116, pp. 6-7.

[39] Id. at 7.

[40] Id. at 8.

28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 102 S. Ct. 1584, 1593 (1982). "[A]fter a conviction and exhaustion or waiver of any right to appeal, [the court] is entitled to presume that the defendant stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). "A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude." Id.

A court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b). "When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true." United States v. Anderson, 832 F. App'x 284, 287 (5th Cir. 2020). A petitioner's "conclusory assertions do not support the request for an evidentiary hearing." United States v. Auten,

632 F.2d 478, 480 (5th Cir. 1980). Instead a petitioner must produce "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998); United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006).

B.   Ineffective Assistance of Counsel

"'A claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal.'" United States v. Conley, 349 F.3d 837, 839 n.1 (5th Cir. 2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). A counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To show prejudice in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985).

C.   Coercion

"It is elementary that a coerced plea is open to collateral attack." Fontaine v. United States, 93 S. Ct. 1461, 1462 (1973). A plea may be invalid if it was produced by "actual or threatened physical harm, promises to cease improper harassment, [] bribes . . . [or] mental coercion that overcame [the defendant's] free will." See Jones v. Estelle, 584 F.2d 687, 689-90 (5th Cir. 1978); Brady v. United States, 90 S. Ct. 1463, 1470 (1970). "[A] plea is not involuntary solely because a defendant pleads guilty to limit his possible penalty." Garner v. Scott, 59 F.3d 1242, *1 (5th Cir. 1995). To establish coercion, a defendant must show that his fear "destroyed his ability to weigh rationally, with aid of counsel, the advantages of proceeding to trial against those of pleading guilty." Id. A defense lawyer's "impatience and stern demand for a quick answer," even when combined with the threat of a lengthy sentence, "do[es] not amount to mental coercion sufficient to overbear [the defendant's] free will." Jones, 584 F.2d at 690.

### III. Analysis

A. Ineffective Assistance of Counsel

Petitioner argues that Defense Counsel was constitutionally ineffective. In Petitioner's § 2255 Motion, he states that Defense Counsel "failed to conduct any type of meaning[ful] investigation at all, by which it would [have] shown [that there was] 'no Red

-10-

Roof [Inn] video.'"[41]

Petitioner's allegations are insufficient for several reasons. Petitioner's assertions are negated by the record. Defense Counsel were fully aware that the Government had not proven a connection to the Red Roof Inn video. Defense Counsel ensured that it was excluded from the guilty plea's factual basis and removed from the PSR. At Petitioner's rearraignment, he confirmed that Defense Counsel had answered all of his questions, that they had done everything he had asked them to do, and that he was fully satisfied with their advice and counsel. Petitioner has failed to show that his lawyers performed a deficient investigation. See Strickland, 104 S. Ct. at 2064. And because the video did not factor into his guilty plea or sentence, he could not show that the allegedly deficient investigation caused prejudice. Id.

In Petitioner's Reply, he generically describes a discussion between Defense Counsel and the Government at the meeting where he admitted to producing the J.K. video.[42] At first they showed him the disputed Red Roof Inn video, and Petitioner denied involvement.[43] Petitioner states that Defense Counsel and the Government then "colluded outside in the hallway to get the

---

[41]Petitioner's § 2255 Motion, Docket Entry No. 116, pp. 6-7.

[42]Petitioner's Reply, Docket Entry No. 133, p. 4.

[43]Id.

Petitioner to agree upon the [J.K.] video."[44]  Petitioner gives no details to support this conclusory allegation, he does not explain how Defense Counsel were deficient, and he does not explain how the conversation contributed to his guilty plea or sentence.

Petitioner also argues that Defense Counsel "failed to obtain key alibi testimony, when it was readily available" and, on appeal, "failed to raise grounds of conflict of interest" and "failed to raise plain error."  However, Petitioner states that he is "unable to go into more thorough detail due to lack of having [the] case/work file."[45]  These assertions are conclusory, and Petitioner offers no supporting facts.  See Auten, 632 F.2d at 480.  Because Petitioner's ineffective assistance of counsel allegations are conclusory, negated by the record, and insufficient to satisfy the Strickland standard, he is not entitled to any relief or an evidentiary hearing.  See Anderson, 832 F. App'x at 287.

**B.  Due Process and Prosecutorial Misconduct**

Petitioner asserts that he is entitled to relief based on a "[f]ailure to follow due process of law/prosecutor misconduct."[46]  In Petitioner's Reply, he states that he was represented in the past by a lawyer who since joined the Government and gave them advice in his case.  Petitioner offers no detail, including the

---

[44]Id.

[45]Petitioner's § 2255 Motion, Docket Entry No. 116, p. 7.

[46]Id.

identity of this lawyer. This conclusory allegation is insufficient to warrant relief or an evidentiary hearing.

## C.  Coercion

Petitioner asserts "collusion/structural error."[47] He alleges that Defense Counsel "worked in combination with the government in only obtaining a plea through coercion."[48] He provides no supporting facts in his § 2255 Motion. But Petitioner states in his Reply that his lawyer told him to "just take a plea and [we] will say the two of you were in love," that she referred to him as a pedophile, and that she told him to "take a plea so we can be done with you."[49] Petitioner offers no "independent indicia" in support of these allegations (such as a third-party affidavit). Moreover, these allegations are negated by Defense Counsel's actions during the case. Defense Counsel asked the court to postpone rearraignment to allow Petitioner time "to make a rational decision," even though Petitioner had expressed a willingness to "get through with it" and take the plea. She asked for another postponement to go over documents with him. Petitioner also confirmed at his rearraignment that nobody had threatened him or forced him to plead guilty. Because Petitioner offers no "independent indicia" in support of his allegation, and because his

---

[47]Id. at 8.

[48]Id.

[49]Petitioner's Reply, Docket Entry No. 133, pp. 5-6.

allegations are negated by the record, the court concludes that Petitioner has not demonstrated a right to relief or an evidentiary hearing. See Edwards, 442 F.3d at 264; Anderson, 832 F. App'x at 287.

## IV. Conclusion and Order

Petitioner has not supported his claims of ineffective assistance of counsel, due process violation/prosecutorial misconduct, or coercion. Moreover, the record conclusively shows that Petitioner is not entitled to any relief, so the court need not grant an evidentiary hearing. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Docket Entry No. 116) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of April, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE